Of Counsel:
CLAY IWAMURA PULICE & NERVELL

CARLOS D. PEREZ-MESA, JR.    #5448
JASON S. KASAMOTO            #11376
Topa Financial Center, Bishop Street Tower
700 Bishop Street, Suite 2100
Honolulu, Hawaii  96813
Telephone: (808) 535-8400
Facsimile: (808) 535-8444
Email: cperez-mesa@paclawteam.com
Email: jkasamoto@paclawteam.com

Attorneys for Plaintiffs
CLEOPHAS C. POWELL, on behalf of
himself and all similarly situated

**Electronically Filed
FIRST CIRCUIT
1CCV-23-0001504
20-NOV-2023
08:22 PM
Dkt. 1 CMPS**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| CLEOPHAS C. POWELL, on behalf of himself and all similarly situated,<br><br>              Plaintiffs<br><br>     vs.<br><br>OHANA MILITARY COMMUNITIES, LLC; and DOE DEFENDANTS 1-10,<br><br>            Defendants. | Civil No.<br>(Other Non-Vehicle Tort)<br><br>PLAINTIFF CLEOPHAS C. POWELL'S, on behalf of himself and all similarly situated, CLASS ACTION COMPLAINT; SUMMONS |

## PLAINTIFF CLEOPHAS C. POWELL'S, on behalf of himself and all similarly situated, CLASS ACTION COMPLAINT

Plaintiff CLEOPHAS C. POWELL, on behalf of himself and all similarly situated ("Plaintiffs"), by and through their attorneys, Clay Iwamura Pulice & Nervell, hereby respectfully alleges and avers the following class action against Defendant OHANA MILITARY COMMUNITIES, LLC ("Defendant" or "Ohana Military").

EXHIBIT 1

## PARTIES

1.      At all times relevant herein, Plaintiffs are tenants who leased residential housing within the City and County of Honolulu from Defendant OHANA MILITARY COMMUNITIES, LLC and have been forcibly evicted from their homes due to contaminated potable water caused by fuel leaks associated with the Red Hill Bulk Fuel Storage Facility ("Red Hill") maintained by the United States Department of the Navy.

2.      At all times relevant herein, Defendant OHANA MILITARY COMMUNITIES, LLC is and has been a Hawaii corporation, having its principal place of business in the City and County of Honolulu, State of Hawaii.

3.      Plaintiffs allege that Defendant and its property managers are joint tortfeasors, co-conspirators, alter egos, co-venturers, and engaged in the enterprise of the marketing and sale of residential leases, sale of renter's insurances policies, providing property management and maintenance services, as well as the conduct and acts alleged herein.

4.      DOE DEFENDANTS 1-10 ("Doe Defendants") are sued under fictitious names pursuant to Rule 17(d) of the Hawaii Rules of Civil Procedure for the reason that their true identities are presently unknown to Plaintiffs, except that they are persons and/or entities who are agents, masters, servants, employees, supervisors, employers, representatives, co-ventures, associates, and/or independent contractors of the named Defendant OHANA MILITARY COMMUNITIES, LLC; and/or who were engaged in some activity that was negligent, intentional, or reckless, which proximately caused or contributed to the injuries and damages sustained by Plaintiffs. Plaintiffs have made a good faith and diligent effort to identify said Doe Defendants but, at this time, are unable to ascertain the names of the persons and/or entities described as Doe

Defendants. Plaintiffs pray for leave to substitute the true names, identities, capacities, acts, and/or omissions of the Doe Defendants when the same are ascertained.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over the above-named Defendant OHANA MILITARY COMMUNITIES, LLC pursuant to Haw. Rev. Stat. ("HRS") § 634-35, as the causes of action alleged herein arise as the result of Defendant's business transactions within the State of Hawaii, Defendant's commission of alleged tortious acts and/or omissions and injuries within this State, and the Defendant and Plaintiff's use and possession of real property within this State. Defendant is subject to the jurisdiction of this Court because it resides and conducts business in the First Circuit of the State of Hawaii.

6.      This Court has subject matter jurisdiction pursuant to HRS § 603-21.5 insofar as the acts alleged herein occurred within the territorial limits of this Court. Furthermore, this Court has jurisdiction and venue under the terms of Defendant's lease agreements with Plaintiffs, which provides that Lease and contractual relationship between the parties shall be construed exclusively in accordance with and governed by, the substantive laws of the State of Hawaii, including but not limited to Hawaii Revised Statutes, Chapter 521 and the common law interpreting those statutes.

7.      Venue is proper pursuant to HRS § 603-36, as the tortious acts and/or omissions alleged herein occurred within the jurisdictional limits of the Circuit Court of the First Circuit, State of Hawaii.

## FACTUAL ALLEGATIONS

8.      Defendant Ohana Military manages and leases residential housing within communities located within the City and County of Honolulu under an agreement with the United States Department of the Navy.

3

9.      Defendant, by and through its agents, provides services to tenants related to the marketing, sale, and management of residential leases in these communities.

10.     The services provided by Defendant include the provision of potable water through the Joint Base Pearl Harbor-Hickam Water System, which is maintained by the United States Department of the Navy.

11.     Upon information and belief, Defendant entered into thousands of leases with tenants for the lease of residential housing including the provision of potable water.

12.     Under the terms of their leases, tenants agree to pay rent in exchange for the services provided by Defendant including the provision of potable water and safe, habitable housing in compliance with all state and local laws for health and safety.

13.     The water supply for residential housing leased to Plaintiffs, however, has not been sufficiently protected from the risk of fuel contamination associated with repeated leaks of petroleum fuel from the United States Department of the Navy's Red Hill Bulk Fuel Storage Facility.

14.     Red Hill is an underground storage tank ("UST") system on the Island of Oʻahu in the State of Hawaii, approximately 2.5 miles northeast of Pearl Harbor, and consists of twenty USTs as well as pipelines and other infrastructure associated with the storage and distribution of marine diesel and jet fuel.

15.     Red Hill sits directly above Oʻahu's sole-source groundwater aquifer, the Southern Oʻahu Basal Aquifer, which is irreplaceable and the principal source of drinking water for Oʻahu, supplying approximately 77% of the water supply for the Island, including water for the Joint Base Pearl Harbor-Hickam Water System.

16.     Red Hill is estimated to have leaked more than 178,434 gallons of fuel since its inception and presents an undisputed risk to the aquifer that furnishes potable water to the communities leased by Defendant.

17.     Defendant possesses knowledge of the risk of water contamination from Red Hill by and through its relationship with the United States Department of the Navy and sale of water from the Joint Base Pearl Harbor-Hickam Water System.

18.     In November 2021, fuel leaks from the Red Hill facility resulted in contamination of drinking water supplied to Plaintiffs' communities and the unreasonable eviction of thousands of tenants, including Plaintiffs, without cause.

19.     Plaintiffs seek to represent a class of all similarly situated tenants forcibly evicted by Defendant as a result of its failure to provide clean, safe, and healthy water and pursue this action to recover all economic damages guaranteed by Hawaii law and statutes including but not limited to the repayment of rent.

## CLASS ACTION ALLEGATIONS

20.     Plaintiffs bring this action pursuant to Rules 23(a) and (b) of the Hawaii Rules of Civil Procedure ("HRCP"), the requirements of both sections having been satisfied.

21.     The class is so numerous that joinder of all members is impracticable, as required by HRCP Rule 23(a)(1). Upon information and belief, hundreds of tenants have been forcibly evicted by Defendant.

22.     There are questions of law or fact common to the class as required by HRCP Rule 23(a)(2), which include but are not limited to: a) whether Plaintiffs have been forcibly evicted due to the provision of contaminated and unpotable water by Defendant in violation of its leases and

HRS § 521; and b) whether Defendant's wrongful eviction of Plaintiffs constitutes an unfair or deceptive trade practice that has been substantially injurious to Plaintiffs under HRS § 480.

23.     The proposed class representatives have claims typical of the class as required by HRCP Rule 23(a)(3), as further described below.

24.     Plaintiffs will fairly and adequately protect the interests of the class, as required by HRCP Rule 23(a)(4). Neither Plaintiffs nor their counsel have interests antagonistic to those of the proposed class. Moreover, Plaintiffs' attorneys are competent and experienced in litigation matters.

25.     A class action is proper under HRCP Rule 23(b) as Defendant has acted or refused to act on grounds generally applicable to the class, which includes the forcible eviction of Plaintiffs from their homes due to its failure to provide potable water. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class and could establish incompatible standards of conduct for the party opposing the class as required by HRCP Rule 23(b)(1)(A), and/or risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interest of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests as required by HRCP Rule 23(b)(1)(B). Further, questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to any other methods for the fair and efficient adjudication of the controversy, as required by HRCP Rule 23(b)(3).

## COUNT I
(Breach of Contract)

26.     Plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1-25 as though fully set forth herein.

27.     Valid contracts have been entered into between Plaintiffs and Defendant for the lease of residential housing.

28.     Under the terms of their lease contracts, Plaintiffs agreed to pay rent in exchange for safe, clean, and habitable residential housing for themselves and their families, which includes the provision of clean, safe, and healthy potable water.

29.     Under the terms of their lease contracts, the parties agreed that their lease obligations and responsibilities would be construed under the substantive laws of the State of Hawaii, including but not limited to Hawaii Revised Statute, Chapter 521 and the common law interpreting those statutes.

30.     Under the terms of their leases and Hawaii law, Defendant has a duty of good faith and fair dealing and a duty to maintain fit premises.

31.     Notwithstanding their contractual duties, Defendant breached its lease agreements with Plaintiffs, specifically failing to maintain and provide safe and habitable housing by failing to provide clean, safe, and healthy potable water to Plaintiffs.

32.     Due to Defendant's breaches of contract, it has been necessary for Plaintiffs to incur expenses and other special damages in an amount to be proven at trial.

33.     Because of Defendant's conduct, Plaintiffs have sustained harm, expenses, and other damages in an amount to be proven at trial, which include but are not limited to:

      a.     Overpayment of rent for services arising from Defendant's failure to provide the safe and healthy home and community represented by Defendant;

      b.     Loss of use and enjoyment in their homes and community.

34.     As a proximate and legal result of Defendant's breaches of contract, Plaintiffs have been compelled to resort to litigation and, therefore, request an award of all consequential damages, including but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

### COUNT II
(Breach of Implied Warranty of Habitability)

35.     Plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1-34 as though fully set forth herein.

36.     Defendant owed a duty to Plaintiffs to provide safe and healthy residential housing, which includes the provision of safe, clean, potable water for the purposes of drinking, cleaning, and bathing.

37.     Under the terms of their leases, Plaintiffs agreed to pay rent in exchange for safe, clean, and habitable residential housing, which includes the provision of safe, clean, potable water for the purposes of drinking, cleaning, and bathing.

38.     Defendant breached its duty to provide safe and healthy residential housing.

39.     Defendant failed to warn Plaintiffs of the existence, nature, and extent of risks of the Red Hill fuel leaks to Plaintiffs and, thereafter, allowed Plaintiffs and their families to be exposed to adverse health risks and other adverse health outcomes without their knowledge and against their will by the provision of contaminated water.

40.     Specifically, Defendant failed to disclose risks associated with water contamination and failed to provide clean, safe, and health potable water, rendering Plaintiffs' communities uninhabitable.

41.     Because of Defendant's conduct, Plaintiffs have sustained harm, expenses, and other damages in an amount to be proven at trial, which include but are not limited to:

a.      Overpayment of rent for services arising from Defendant's failure to provide the safe and healthy home and community represented by Defendant;

b.      Loss of use and enjoyment in their homes and community.

42.    As a proximate and legal result of Defendant's conduct, Plaintiffs have been compelled to resort to litigation and, therefore, request an award of all consequential damages, including but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

### COUNT III
(Violation of Hawaii Revised Statute Chapter 521 – Landlord Tenant Code)

43.    Plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1-42 as though fully set forth herein.

44.    Hawaii Revised Statute § 521-10 imposes upon landlords an obligation of good faith in the performance of their duties under the lease.

45.    Hawaii Revised Statute § 521-42(a)(1) obligates Defendant to supply housing that complies with all applicable building and housing laws materially affecting health and safety.

46.    Despite their obligation to provide healthy and safe housing to tenants, Defendant negligently, recklessly, or knowingly exposed Plaintiffs and their families to contaminated water without their knowledge and against their will.

47.    Despite their obligation to act in good faith, Defendant failed to disclose and failed to protect Plaintiffs and their families from contaminated drinking water within their communities.

48.    Plaintiffs have been forcibly evicted from their homes without cause due to contaminated drinking water.

9

49.     Defendants have violated the Hawaii Landlord Tenant Code, and Plaintiffs are entitled to all rights and remedies afforded to tenants under Chapter 521, which includes their reasonable attorneys' fees and costs and the payment of rent to Plaintiffs.

50.     Because of Defendant's violation of Chapter 521 of the Hawaii Revised Statutes, Plaintiffs have sustained harm, expenses, and other damages in an amount to be proven at trial, which include but are not limited to:

      a.    Overpayment of rent for services arising from Defendant's failure to provide the safe and healthy home and community represented by Defendant;

      b.    Loss of use and enjoyment in their homes and community.

51.     As a proximate and legal result of Defendant's conduct, Plaintiffs have been compelled to resort to litigation and, therefore, request an award of all consequential damages, including but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

## **COUNT IV**
(Unfair & Deceptive Trade Practices/Unfair Methods of Competition)

52.     Plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1-51 as though fully set forth herein.

53.     Hawaii Revised Statute § 480-2(a) provides, in relevant part: "[U]nfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."

54.     The sale of residential leases and services by Defendant constitutes "any trade or commerce" within the meaning of Hawaii Revised Statutes, Chapter 480.

55.     Plaintiffs are "consumers" under Hawaii Revised Statute § 480-1 as being persons who purchased goods or services or who have personally invested their resources to lease residential housing from Defendant.

56.     Hawaii Revised Statute § 480-1 defines the term "purchase" or "buy" to include "contract to buy," "lease," "contract to lease," "license," and "contract to license."

57.     The purchase of leases from a licensed real estate agent falls within conduct regulated by Hawaii Revised Statute Chapter 480.

58.     The provision of potable water in association with the provision of residential housing is a service purchased by Plaintiffs from Defendant.

59.     Defendant's failure to warn and the sale of contaminated drinking water as part of the leases sold to Plaintiffs constitutes an unfair or deceptive act or practice in the conduct of trade and commerce that has the tendency to mislead and is substantially injurious to Plaintiffs.

60.     Defendant's failure to disclose the risks associated with its water supply and the sale of contaminated drinking water also constitutes unfair competition that has injured Plaintiffs' property.

61.     Because of Defendant's conduct, Plaintiffs have sustained harm, expenses, and other damages in an amount to be proven at trial, which include but are not limited to:

      a.     Overpayment of rent for services arising from Defendant's failure to provide the safe and healthy home and community represented by Defendant;

      b.     Loss of use and enjoyment in their homes and community.

62.     As a proximate and legal result of Defendant's conduct, Plaintiffs have been compelled to resort to litigation and, therefore, request an award of all consequential damages,

11

including but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

### COUNT V
(Nuisance)

63.    Plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1-62 as though fully set forth herein.

64.    During the relevant time period, Defendant allowed the release of contaminated water into Plaintiffs' leased residences, which interfered with Plaintiffs' ability to use and enjoy their homes and resulted in harm, inconvenience, and unlawfully annoyed and disturbed Plaintiffs' free use, possession, and enjoyment of their property.

65.    Defendant is liable for damages that are the legal and proximate result of the nuisance created by their conduct.

66.    Because of Defendant's conduct, Plaintiffs have sustained harm, expenses, and other damages in an amount to be proven at trial, which include but are not limited to:

      a.    Overpayment of rent for services arising from Defendant's failure to provide the safe and healthy home and community represented by Defendant;

      b.    Loss of use and enjoyment in their homes and community.

67.    As a proximate and legal result of Defendant's conduct, Plaintiffs have been compelled to resort to litigation and, therefore, request an award of all consequential damages, including but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

## COUNT VI
(Wrongful Eviction)

68.     Plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1-67 as though fully set forth herein.

69.     The above-described conduct constitutes wrongful eviction in violated of Hawaii law.

70.     Because of Defendant's conduct, Plaintiffs have sustained harm, expenses, and other damages in an amount to be proven at trial, which include but are not limited to:

      a.    Overpayment of rent for services arising from Defendant's failure to provide the safe and healthy home and community represented by Defendant;

      b.    Loss of use and enjoyment in their homes and community.

71.     As a proximate and legal result of Defendant's conduct, Plaintiffs have been compelled to resort to litigation and, therefore, request an award of all consequential damages, including but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

WHEREFORE, Plaintiffs pray for judgment in favor of Plaintiffs and against Defendant as follows:

      A.    General, special, treble, and consequential damages in an amount to be proven at trial;

      B.    Reasonable attorneys' fees and costs;

      C.    Disgorgement of profits due to Defendant's unjust enrichment;

      D.    Return of all rents and other remedies guaranteed by HRS § 521;

      E.    Any prejudgment interest provided by statutes;

F.    Punitive damages for Defendant's wanton, reckless, and grossly negligent

conduct;

G.    For such other and further relief at law or equity as the Court my adeem just

and proper.

DATED: Honolulu, Hawaii, November 20, 2023.

*/s/ Carlos D. Perez-Mesa, Jr.*
CARLOS D. PEREZ-MESA, JR.
JASON S. KASAMOTO
Attorneys for Plaintiffs
CLEOPHAS C. POWELL, on behalf of
himself and all similarly situated

| **STATE OF HAWAIʻI**<br>**CIRCUIT COURT OF THE**<br>**FIRST CIRCUIT** | **SUMMONS**<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|

| PLAINTIFF<br>CLEOPHAS C. POWELL, on behalf of himself and all similarly situated, | VS. | DEFENDANT(S)<br>OHANA MILITARY COMMUNITIES, LLC; and DOE DEFENDANTS 1-10 |
|---|---|---|

PLAINTIFF'S NAME & ADDRESS, TEL. NO.

CLEOPHAS C. POWELL, on behalf of himself and all similarly situated,

c/o CLAY IWAMURA PULICE & NERVELL

700 Bishop Street, Suite 2100

Honolulu, Hawaii 96813

Telephone: (808) 535-8400

Facsimile: (808) 535-8446

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

CLAY IWAMURA PULICE & NERVELL

700 Bishop Street, Suite 2100

Honolulu, Hawaii 96813 _____ ,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http://www.courts.state.hi.us | **Effective Date of 28-Oct-2019**<br>**Signed by: /s/ Patsy Nakamoto**<br>**Clerk, 1st Circuit, State of Hawaiʻi** |  |
|---|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.

Of Counsel:
CLAY IWAMURA PULICE & NERVELL

CARLOS D. PEREZ-MESA, JR.      #5448
JASON S. KASAMOTO              #11376
Topa Financial Center, Bishop Street Tower
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone: (808) 535-8400
Facsimile: (808) 535-8444
Email: cperez-mesa@paclawteam.com
Email: jkasamoto@paclawteam.com

Attorneys for Plaintiffs
CLEOPHAS C. POWELL, on behalf of
himself and all similarly situated

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-23-0001504**
**21-NOV-2023**
**03:08 PM**
**Dkt. 8 CMPS**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| CLEOPHAS C. POWELL, on behalf of himself and all similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>OHANA MILITARY COMMUNITIES, LLC; HUNT MH PROPERTY MANAGEMENT, LLC; and DOE DEFENDANTS 1-10,<br><br>Defendants. | Civil No. 1CCV-23-0001504<br>(Other Non-Vehicle Tort)<br><br>PLAINTIFF CLEOPHAS C. POWELL'S, on behalf of himself and all similarly situated, CLASS ACTION FIRST AMENDED COMPLAINT; SUMMONS |

**PLAINTIFF CLEOPHAS C. POWELL'S, on behalf**
**of himself and all similarly situated, CLASS ACTION FIRST AMENDED COMPLAINT**

Plaintiff CLEOPHAS C. POWELL, on behalf of himself and all similarly situated ("Plaintiffs"), by and through their attorneys, Clay Iwamura Pulice & Nervell, hereby respectfully alleges and avers the following class action against Defendant OHANA MILITARY COMMUNITIES, LLC ("Defendant Ohana Military"), Defendant HUNT MH PROPERTY

MANAGEMENT, LLC ("Defendant Hunt"), and DOE DEFENDANTS 1-10 (collectively referred to hereinafter as "Defendants").

**PARTIES**

1.      At all times relevant herein, Plaintiffs are tenants who leased residential housing within the City and County of Honolulu from Defendant OHANA MILITARY COMMUNITIES, LLC and have been forcibly evicted from their homes due to contaminated potable water caused by fuel leaks associated with the Red Hill Bulk Fuel Storage Facility ("Red Hill") maintained by the United States Department of the Navy.

2.      At all times relevant herein, Defendant OHANA MILITARY COMMUNITIES, LLC is and has been a Hawaii limited liability corporation, having its principal place of business in the City and County of Honolulu, State of Hawaii.

3.      At all times relevant herein, Defendant HUNT MH PROPERTY MANAGEMENT, LLC is and has been a Hawaii limited liability corporation, having its principal place of business in the City and County of Honolulu, State of Hawaii and acting as Defendant Ohana Military's agent for the lease and management of residential housing to tenants.

4.      Plaintiffs allege that Defendants and its property managers are joint tortfeasors, co-conspirators, alter egos, co-venturers, and engaged in the enterprise of the marketing and sale of residential leases, sale of renter's insurances policies, providing property management and maintenance services, as well as the conduct and acts alleged herein.

5.      DOE DEFENDANTS 1-10 ("Doe Defendants") are sued under fictitious names pursuant to Rule 17(d) of the Hawaii Rules of Civil Procedure for the reason that their true identities are presently unknown to Plaintiffs, except that they are persons and/or entities who are agents, masters, servants, employees, supervisors, employers, representatives, co-ventures,

associates, and/or independent contractors of the named Defendants OHANA MILITARY COMMUNITIES, LLC and HUNT MH PROPERTY MANAGEMENT, LLC; and/or who were engaged in some activity that was negligent, intentional, or reckless, which proximately caused or contributed to the injuries and damages sustained by Plaintiffs. Plaintiffs have made a good faith and diligent effort to identify said Doe Defendants but, at this time, are unable to ascertain the names of the persons and/or entities described as Doe Defendants. Plaintiffs pray for leave to substitute the true names, identities, capacities, acts, and/or omissions of the Doe Defendants when the same are ascertained.

### JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over the above-named Defendants pursuant to Haw. Rev. Stat. ("HRS") § 634-35, as the causes of action alleged herein arise as the result of Defendants' business transactions within the State of Hawaii, Defendants' commission of alleged tortious acts and/or omissions and injuries within this State, and the Defendants' and Plaintiffs' use and possession of real property within this State. Defendants are subject to the jurisdiction of this Court because they reside and conduct business in the First Circuit of the State of Hawaii.

7.      This Court has subject matter jurisdiction pursuant to HRS § 603-21.5 insofar as the acts alleged herein occurred within the territorial limits of this Court. Furthermore, this Court has jurisdiction and venue under the terms of Defendants' lease agreements with Plaintiffs, which provides that the Lease and contractual relationship between the parties shall be construed exclusively in accordance with and governed by the substantive laws of the State of Hawaii, including but not limited to Hawaii Revised Statutes, Chapter 521 and the common law interpreting those statutes.

3

8.      Venue is proper pursuant to HRS § 603-36, as the tortious acts and/or omissions alleged herein occurred within the jurisdictional limits of the Circuit Court of the First Circuit, State of Hawaii.

## FACTUAL ALLEGATIONS

9.      Defendants manage and lease residential housing within communities located within the City and County of Honolulu under an agreement with the United States Department of the Navy.

10.     Defendants, by and through its agents, provide services to tenants related to the marketing, sale, and management of residential leases in these communities.

11.     The services provided by Defendant Ohana Military include the provision of potable water through the Joint Base Pearl Harbor-Hickam Water System, which is maintained by the United States Department of the Navy.

12.     Upon information and belief, Defendants entered into thousands of leases with tenants for the lease of residential housing including the provision of potable water.

13.     Under the terms of their leases, tenants agree to pay rent in exchange for the services provided by Defendant Ohana Military including the provision of potable water and safe, habitable housing in compliance with all state and local laws for health and safety.

14.     The water supply for residential housing leased to Plaintiffs, however, has not been sufficiently protected from the risk of fuel contamination associated with repeated leaks of petroleum fuel from the United States Department of the Navy's Red Hill Bulk Fuel Storage Facility.

15.     Red Hill is an underground storage tank ("UST") system on the Island of Oʻahu in the State of Hawaii, approximately 2.5 miles northeast of Pearl Harbor, and consists of twenty

USTs as well as pipelines and other infrastructure associated with the storage and distribution of marine diesel and jet fuel.

16.     Red Hill sits directly above Oʻahu's sole-source groundwater aquifer, the Southern Oʻahu Basal Aquifer, which is irreplaceable and the principal source of drinking water for Oʻahu, supplying approximately 77% of the water supply for the Island, including water for the Joint Base Pearl Harbor-Hickam Water System.

17.     Red Hill is estimated to have leaked more than 178,434 gallons of fuel since its inception and presents an undisputed risk to the aquifer that furnishes potable water to the communities leased by Defendants.

18.     Defendants possess knowledge of the risk of water contamination from Red Hill by and through their relationship with the United States Department of the Navy and sale of water from the Joint Base Pearl Harbor-Hickam Water System.

19.     In November 2021, fuel leaks from the Red Hill facility resulted in contamination of drinking water supplied to Plaintiffs' communities and the unreasonable eviction of thousands of tenants, including Plaintiffs, without cause.

20.     Plaintiffs seek to represent a class of all similarly situated tenants forcibly evicted by Defendants as a result of their failure to provide clean, safe, and healthy water and pursue this action to recover all economic damages guaranteed by Hawaii law and statutes including but not limited to the repayment of rent.

## CLASS ACTION ALLEGATIONS

21.     Plaintiffs bring this action pursuant to Rules 23(a) and (b) of the Hawaii Rules of Civil Procedure ("HRCP"), the requirements of both sections having been satisfied.

22.    The class is so numerous that joinder of all members is impracticable, as required by HRCP Rule 23(a)(1). Upon information and belief, hundreds of tenants have been forcibly evicted by Defendants.

23.    There are questions of law or fact common to the class as required by HRCP Rule 23(a)(2), which include but are not limited to: a) whether Plaintiffs have been forcibly evicted due to the provision of contaminated and unpotable water by Defendants in violation of their leases and HRS § 521; and b) whether Defendants' wrongful eviction of Plaintiffs constitutes an unfair or deceptive trade practice that has been substantially injurious to Plaintiffs under HRS § 480.

24.    The proposed class representatives have claims typical of the class as required by HRCP Rule 23(a)(3), as further described below.

25.    Plaintiffs will fairly and adequately protect the interests of the class, as required by HRCP Rule 23(a)(4). Neither Plaintiffs nor their counsel have interests antagonistic to those of the proposed class. Moreover, Plaintiffs' attorneys are competent and experienced in litigation matters.

26.    A class action is proper under HRCP Rule 23(b) as Defendants have acted or refused to act on grounds generally applicable to the class, which includes the forcible eviction of Plaintiffs from their homes due to its failure to provide potable water. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class and could establish incompatible standards of conduct for the party opposing the class as required by HRCP Rule 23(b)(1)(A), and/or risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interest of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests as required by HRCP Rule 23(b)(1)(B).

Further, questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to any other methods for the fair and efficient adjudication of the controversy, as required by HRCP Rule 23(b)(3).

## **COUNT I**
### (Breach of Contract as to All Defendants)

27.     Plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1-26 as though fully set forth herein.

28.     Valid contracts have been entered into between Plaintiffs and Defendants for the lease of residential housing.

29.     Under the terms of their lease contracts, Plaintiffs agreed to pay rent in exchange for safe, clean, and habitable residential housing for themselves and their families, which includes the provision of clean, safe, and healthy potable water.

30.     Under the terms of their lease contracts, the parties agreed that their lease obligations and responsibilities would be construed under the substantive laws of the State of Hawaii, including but not limited to Hawaii Revised Statutes, Chapter 521 and the common law interpreting those statutes.

31.     Under the terms of their leases and Hawaii law, Defendants have a duty of good faith and fair dealing and a duty to maintain fit premises.

32.     Notwithstanding their contractual duties, Defendants breached their lease agreements with Plaintiffs, specifically failing to maintain and provide safe and habitable housing by failing to provide clean, safe, and healthy potable water to Plaintiffs.

33.     Due to Defendants' breaches of contract, it has been necessary for Plaintiffs to incur expenses and other special damages in an amount to be proven at trial.

34.    Because of Defendants' conduct, Plaintiffs have sustained harm, expenses, and other damages in an amount to be proven at trial, which include but are not limited to:

      a.    Overpayment of rent for services arising from Defendant Ohana Military's failure to provide the safe and healthy home and community represented by Defendant Ohana Military and Defendant Hunt;

      b.    Loss of use and enjoyment in their homes and community.

35.    As a proximate and legal result of Defendants' breaches of contract, Plaintiffs have been compelled to resort to litigation and, therefore, request an award of all consequential damages, including but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

## COUNT II
### (Breach of Implied Warranty of Habitability as to All Defendants)

36.    Plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1-35 as though fully set forth herein.

37.    Defendants owed a duty to Plaintiffs to provide safe and healthy residential housing, which includes the provision of safe, clean, potable water for the purposes of drinking, cleaning, and bathing.

38.    Under the terms of their leases, Plaintiffs agreed to pay rent in exchange for safe, clean, and habitable residential housing, which includes the provision of safe, clean, potable water for the purposes of drinking, cleaning, and bathing.

39.    Defendants breached their duty to provide safe and healthy residential housing.

40.    Defendants failed to warn Plaintiffs of the existence, nature, and extent of risks of the Red Hill fuel leaks to Plaintiffs and, thereafter, allowed Plaintiffs and their families to be

exposed to adverse health risks and other adverse health outcomes without their knowledge and against their will by the provision of contaminated water.

41.     Specifically, Defendants failed to disclose risks associated with water contamination and failed to provide clean, safe, and health potable water, rendering Plaintiffs' communities uninhabitable.

42.     Because of Defendants' conduct, Plaintiffs have sustained harm, expenses, and other damages in an amount to be proven at trial, which include but are not limited to:

      a.      Overpayment of rent for services arising from Defendant Ohana Military's failure to provide the safe and healthy home and community represented by Defendant Ohana Military and Defendant Hunt;

      b.      Loss of use and enjoyment in their homes and community.

43.     As a proximate and legal result of Defendants' conduct, Plaintiffs have been compelled to resort to litigation and, therefore, request an award of all consequential damages, including but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

## COUNT III
(Violation of Hawaii Revised Statute Chapter 521 – Landlord Tenant Code as to Defendant Ohana Military)

44.     Plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1-43 as though fully set forth herein.

45.     Hawaii Revised Statute § 521-10 imposes upon landlords an obligation of good faith in the performance of their duties under the lease.

46.     Hawaii Revised Statute § 521-42(a)(1) obligates Defendant Ohana Military to supply housing that complies with all applicable building and housing laws materially affecting health and safety.

47.     Despite its obligation to provide healthy and safe housing to tenants, Defendant Ohana Military negligently, recklessly, or knowingly exposed Plaintiffs and their families to contaminated water without their knowledge and against their will.

48.     Despite its obligation to act in good faith, Defendant Ohana Military failed to disclose and failed to protect Plaintiffs and their families from contaminated drinking water within their communities.

49.     Plaintiffs have been forcibly evicted from their homes without cause due to contaminated drinking water.

50.     Defendant Ohana Military has violated the Hawaii Landlord Tenant Code, and Plaintiffs are entitled to all rights and remedies afforded to tenants under Chapter 521, which includes their reasonable attorneys' fees and costs and the payment of rent to Plaintiffs.

51.     Because of Defendant Ohana Military's violation of Chapter 521 of the Hawaii Revised Statutes, Plaintiffs have sustained harm, expenses, and other damages in an amount to be proven at trial, which include but are not limited to:

      a.     Overpayment of rent for services arising from Defendant Ohana Military's failure to provide the safe and healthy home and community represented by Defendant Ohana Military and Defendant Hunt;

      b.     Loss of use and enjoyment in their homes and community.

52.     As a proximate and legal result of Defendant Ohana Military's conduct, Plaintiffs have been compelled to resort to litigation and, therefore, request an award of all consequential

damages, including but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

### COUNT IV

(Unfair & Deceptive Trade Practices/Unfair Methods of Competition as to All Defendants)

53.     Plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1-52 as though fully set forth herein.

54.     Hawaii Revised Statute § 480-2(a) provides, in relevant part: "[U]nfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."

55.     The sale of residential leases and services by Defendants constitutes "any trade or commerce" within the meaning of Hawaii Revised Statutes, Chapter 480.

56.     Plaintiffs are "consumers" under Hawaii Revised Statute § 480-1 as being persons who purchased goods or services or who have personally invested their resources to lease residential housing from Defendants.

57.     Hawaii Revised Statute § 480-1 defines the term "purchase" or "buy" to include "contract to buy," "lease," "contract to lease," "license," and "contract to license."

58.     The purchase of leases from a licensed real estate agent falls within conduct regulated by Hawaii Revised Statute Chapter 480.

59.     The provision of potable water in association with the provision of residential housing is a service purchased by Plaintiffs from Defendants.

60.     Defendants' failure to warn and the sale of contaminated drinking water as part of the leases sold to Plaintiffs constitutes an unfair or deceptive act or practice in the conduct of trade and commerce that has the tendency to mislead and is substantially injurious to Plaintiffs.

61.    Defendants' failure to disclose the risks associated with its water supply and the sale of contaminated drinking water also constitutes unfair competition that has injured Plaintiffs' property.

62.    Because of Defendants' conduct, Plaintiffs have sustained harm, expenses, and other damages in an amount to be proven at trial, which include but are not limited to:

      a.    Overpayment of rent for services arising from Defendant Ohana Military's failure to provide the safe and healthy home and community represented by Defendant Ohana Military and Defendant Hunt;

      b.    Loss of use and enjoyment in their homes and community.

63.    As a proximate and legal result of Defendants' conduct, Plaintiffs have been compelled to resort to litigation and, therefore, request an award of all consequential damages, including but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

## **COUNT V**
### (Nuisance as to All Defendants)

64.    Plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1-63 as though fully set forth herein.

65.    During the relevant time period, Defendants allowed the release of contaminated water into Plaintiffs' leased residences, which interfered with Plaintiffs' ability to use and enjoy their homes and resulted in harm, inconvenience, and unlawfully annoyed and disturbed Plaintiffs' free use, possession, and enjoyment of their property.

66.    Defendants are liable for damages that are the legal and proximate result of the nuisance created by their conduct.

67.    Because of Defendants' conduct, Plaintiffs have sustained harm, expenses, and other damages in an amount to be proven at trial, which include but are not limited to:

    a.    Overpayment of rent for services arising from Defendant Ohana Military's failure to provide the safe and healthy home and community represented by Defendant Ohana Military and Defendant Hunt;

    b.    Loss of use and enjoyment in their homes and community.

68.    As a proximate and legal result of Defendants' conduct, Plaintiffs have been compelled to resort to litigation and, therefore, request an award of all consequential damages, including but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

### <u>COUNT VI</u>
(Wrongful Eviction as to All Defendants)

69.    Plaintiffs reallege and incorporate by reference all allegations contained in Paragraphs 1-68 as though fully set forth herein.

70.    The above-described conduct constitutes wrongful eviction in violated of Hawaii law.

71.    Because of Defendants' conduct, Plaintiffs have sustained harm, expenses, and other damages in an amount to be proven at trial, which include but are not limited to:

    a.    Overpayment of rent for services arising from Defendant Ohana Military's failure to provide the safe and healthy home and community represented by Defendant Ohana Military and Defendant Hunt;

    b.    Loss of use and enjoyment in their homes and community.

72.    As a proximate and legal result of Defendants' conduct, Plaintiffs have been compelled to resort to litigation and, therefore, request an award of all consequential damages,

including but not limited to, attorneys' fees and costs incurred in such litigation, in amounts to be proven at time of trial.

WHEREFORE, Plaintiffs pray for judgment in favor of Plaintiffs and against Defendants as follows:

A.    General, special, treble, and consequential damages in an amount to be proven at trial;

B.    Reasonable attorneys' fees and costs;

C.    Disgorgement of profits due to Defendants' unjust enrichment;

D.    Return of all rents and other remedies guaranteed by HRS § 521;

E.    Any prejudgment interest provided by statutes;

F.    Punitive damages for Defendants' wanton, reckless, and grossly negligent conduct;

G.    For such other and further relief at law or equity as the Court may deem just and proper.

DATED: Honolulu, Hawaii, November 21, 2023.

*/s/ Carlos D. Perez-Mesa, Jr.*
CARLOS D. PEREZ-MESA, JR.
JASON S. KASAMOTO
Attorneys for Plaintiffs
CLEOPHAS C. POWELL, on behalf of himself and all similarly situated

14

| **STATE OF HAWAI'I**<br>**CIRCUIT COURT OF THE**<br>**FIRST CIRCUIT** | **SUMMONS**<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER<br>1CCV-23-0001504 |
|---|---|---|

| PLAINTIFF<br>CLEOPHAS C. POWELL, on behalf of himself and all similarly situated, | VS. | DEFENDANT(S)<br>OHANA MILITARY COMMUNITIES, LLC; HUNT MH PROPERTY MANAGEMENT, LLC; and DOE DEFENDANTS 1-10 |
|---|---|---|

PLAINTIFF'S NAME & ADDRESS, TEL. NO.

CLEOPHAS C. POWELL, on behalf of himself and all similarly situated,

c/o CLAY IWAMURA PULICE & NERVELL

700 Bishop Street, Suite 2100

Honolulu, Hawaii 96813

Telephone: (808) 535-8400

Facsimile: (808) 535-8446

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

CLAY IWAMURA PULICE & NERVELL

700 Bishop Street, Suite 2100

Honolulu, Hawaii 96813
_____ ,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http://www.courts.state.hi.us | **Effective Date of 28-Oct-2019**<br>**Signed by: /s/ Patsy Nakamoto**<br>**Clerk, 1st Circuit, State of Hawai'i** |  |
|---|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.