UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CLEOPHAS C. POWELL, ON BEHALF OF HIMSELF AND ALL SIMILARLY SITUATED,<br><br>         Plaintiff,<br><br>    vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, HUNT MH PROPERTY MANAGEMENT, LLC,  DOE DEFENDANTS 1-10,<br><br>         Defendants. | CIV. NO. 24-00184 LEK-KJM |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS
ACTION FIRST AMENDED COMPLAINT FILED NOVEMBER 21, 2023**

Before the Court is Defendants Ohana Military Communities, LLC ("Ohana") and Hunt MH Property Management, LLC's ("Hunt" and collectively, "Defendants") Motion to Dismiss Plaintiff's Class Action First Amended Complaint Filed November 21, 2023 ("Motion"), filed on May 13, 2024. [Dkt. no. 9.] Plaintiff Cleophas C. Powell ("Plaintiff"), on behalf of himself and all similarly situated, filed the memorandum in opposition on June 26, 2024, and Defendants filed their reply on July 3, 2024. [Dkt. nos. 13, 14.] This matter came on for hearing on July 17, 2024. For the reasons set forth below, Defendants' Motion is denied insofar as the Court finds that Plaintiff has adequately alleged injury-in-fact, granted insofar

as the portion of Count V alleging an unfair or deceptive trade or practice ("UDAP") claim is dismissed with prejudice, and granted in part and denied in part insofar as the portion of Count V alleging an unfair methods of competition ("UMOC") claim is dismissed without prejudice.

## BACKGROUND

This is a putative class action about Defendants' role in the provision of contaminated water to their tenants, and the subsequent ramifications. The Class Action First Amended Complaint ("Amended Complaint") was filed in the First Circuit Court of the State of Hawai`i ("state court") on November 21, 2023, and the case was removed on April 22, 2024. [Defendants Ohana Military Communities, LLC and Hunt MH Property Management, LLC's Notice of Removal ("Notice of Removal"), filed 4/22/24 (dkt. no. 1), Declaration of Randall C. Whattoff, Exh. 1 (pleadings served on Defendants) at PageID.35-49 (Amended Complaint and Summons).]

The Amended Complaint alleges: Plaintiff[1] leases residential housing in the City and County of Honolulu that is managed and leased by Defendants; [id. at ¶¶ 1, 9;] Defendants acquired contaminated water from the United States Navy-operated

---

[1] The Amended Complaint uses "Plaintiffs" to describe Cleophas C. Powell, on behalf of himself and all similarly situated. As previously noted, the Court uses "Plaintiff" to refer to the same.

2

water system following fuel spills at the Red Hill Bulk Fuel Storage Facility ("Red Hill Facility"), which Defendants delivered to Plaintiff; [id. at ¶¶ 11, 19;] tenants entered into leases with Defendants for residential housing, which included the provision of potable water in compliance with state law; [id. at ¶¶ 12-13;] Defendants had knowledge of the risk of water contamination, and did not warn Plaintiff of this risk; [id. at ¶¶ 18, 40;] and Plaintiff has been forcibly evicted from his homes as a result of Defendants' failure to provide safe water, [id. at ¶ 20].

The Amended Complaint alleges: Defendants breached their lease agreement with Plaintiff by failing to provide safe water to Plaintiff; [id. at ¶ 32;] and Plaintiff has suffered harm and incurred expenses due to Defendants' conduct, including overpayment of rent, and loss of use and enjoyment of his home and community, [id. at ¶¶ 33-34, 42, 51, 62, 67, 71].

The Amended Complaint alleges the following claims: breach of contract against Defendants ("Count I"); [id. at ¶¶ 27-35;] breach of the implied warranty of habitability against Defendants ("Count II"); [id. at ¶¶ 36-43;] violation of Hawai`i Revised Statutes Chapter 521, Landlord Tenant Code against Ohana ("Count III"); [id. at ¶¶ 44-52;] a UDAP claim and UMOC claim in violation of the Hawai`i Revised Statutes Sections 480-2 against Defendants ("Count IV"); [id. at ¶¶ 53-

3

63;] nuisance against Defendants ("Count V"); [id. at ¶¶ 64-68;] and wrongful eviction against Defendants ("Count VI"), [id. at ¶¶ 69-72]. Plaintiff seeks: general, special, treble, consequential, and punitive damages; attorneys' fees and costs; disgorgement of profits; return of all rents and other remedies guaranteed by Hawai`i Revised Statutes Chapter 521; prejudgment interest; and any other appropriate relief. [Id. at pg. 14.]

## STANDARDS

### I. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a defendant to move for dismissal of an action for lack of subject-matter jurisdiction. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (citation and quotation marks omitted). This district court has stated:

> FRCP 12(b)(1) also requires a district court to dismiss a complaint for lack of subject matter jurisdiction where a plaintiff lacks standing to sue. See Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011) (citations omitted) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under [FRCP] 12(b)(1)."). When a plaintiff lacks constitutional standing, a suit "is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." City of Oakland v. Lynch, 798 F.3d 1159, 1163 (9th Cir. 2015) (quoting Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004) (quotations omitted)); City of Los Angeles

4

> v. County of Kern, 581 F.3d 841, 845 (9th Cir. 2009).
>
> In determining constitutional standing, the trial court has the authority "to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." Maya, 658 F.3d at 1067 (citation and quotations omitted). "For purposes of ruling on a motion to dismiss for want of standing, both trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." Namisnak v. Uber Techs., Inc., 971 F.3d 1088, 1092 (9th Cir. 2020) (internal quotations omitted) (citations omitted).

Ye Jiang v. Zhong Fang, CIVIL NO. 20-00100 JAO-KJM, 2020 WL 6889169, at *1 (D. Hawai`i Nov. 23, 2020) (alterations in Ye Jiang).

Here, Defendants' argument that Plaintiff lacks standing because he has failed to plead injury-in-fact poses a facial jurisdictional challenge. See Motion, Mem. in Supp. at 12-13; Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction. The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6)." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (citation and some internal quotation marks omitted).

## II. Federal Rule of Civil Procedure 12(b)(6)

This Court considers a motion to dismiss a complaint under the same standards applied on appeal. See In re Nektar Therapeutics Sec. Litig., 34 F.4th 828, 835 (9th Cir. 2022) ("We review de novo the district court's dismissal of the complaint." (citation omitted)).

> The court must accept all well-pleaded allegations as true. Lloyd v. CVB Fin. Corp., 811 F.3d 1200, 1205 (9th Cir. 2016). We also consider the complaint as a whole. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007).
>
> To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Id. The Court is not required to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

"Dismissal is appropriate when the complaint lacks a cognizable legal theory or sufficient factual allegations to support a cognizable legal theory." Saloojas, Inc. v. Aetna

Health of Cal., Inc., 80 F.4th 1011, 1014 (9th Cir. 2023) (citation and internal quotation marks omitted).

## DISCUSSION

Defendants argue: the Amended Complaint should be dismissed because Plaintiff fails to allege a cognizable injury, the portion of Count IV alleging a UDAP claim should be dismissed with prejudice for lack of standing, and the portion of Count IV alleging a UMOC claim should be dismissed with prejudice for failure to state a claim. [Motion, Mem. in Supp. at 2.]

## I. Injury-in-Fact

Defendants argue Plaintiff lacks standing because he has not plead that he was exposed to contaminated or unsafe water, and therefore has failed to plead an injury-in-fact. [Id. at 12-13.]

A plaintiff bears the burden of establishing standing, which requires a plaintiff to have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (citations omitted). At "the pleading stage, the plaintiff must clearly allege facts demonstrating each element [of standing]." Id. (ellipsis, citation, and internal quotation marks omitted). In a putative class action, the named plaintiff

7

must allege facts sufficient to confer standing. See Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003); see also Pence v. Andrus, 586 F.2d 733, 736–37 (9th Cir. 1978) ("[I]n class actions, the named representatives must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." (citations and internal quotation marks omitted)); Spokeo, Inc., 578 U.S. at 338 n.6 ("That a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." (ellipsis, citation, and quotation marks omitted)). Plaintiff must establish standing for each claim alleged. See TransUnion LLC v. Ramirez, 594 U.S. 413, 431 (2021).

While the Amended Complaint is couched in language referring to the proposed class of plaintiffs generally, it is clear that the Amended Complaint alleges Plaintiff overpaid rent, and suffered the loss of use and enjoyment of his home and community. In all counts, Plaintiff alleges the same baseline injuries: "[o]verpayment of rent for services" and "[l]oss of use and enjoyment in their homes and community." [Amended

Complaint at ¶¶ 34, 42, 51, 62, 67, 71.[2]] These injuries are sufficient for Plaintiff to allege standing.

While it is true that Plaintiff does not allege he was exposed to contaminated water in his home, or that the contaminated water was provided directly to Plaintiff's home, see Amended Complaint at ¶ 19, these constitute a merits issue, not a standing issue. Plaintiff has sufficiently alleged injury-in-fact for all claims alleged.

## II. Count IV

Preliminarily, the Court considers Defendants' arguments related to statutory standing pursuant to Federal Rule of Civil Procedure 12(b)(6). See Cetacean Cmty. v. Bush, 386 F.3d 1169, 1175 (9th Cir. 2004) (stating that, "[i]f a plaintiff has suffered sufficient injury to satisfy the jurisdictional requirement of Article III but Congress has not granted statutory standing, that plaintiff cannot state a claim upon which relief can be granted" and, "[i]n that event, the suit should be dismissed under Rule 12(b)(6)" (citations omitted)); Cottonwood Env't L. Ctr. v. Yellowstone Mountain Club, LLC, Case No. CV-23-26-BU-BMM, 2023 WL 7018748, at *4 (D. Mont. Oct. 25,

---

[2] In Count II, Plaintiff alleges the additional injury of exposure to adverse health risks and adverse health outcomes. [Amended Complaint at ¶ 40.]

2023) (declining to consider an affidavit in evaluating statutory standing under Rule 12(b)(6)).

Plaintiff attaches the operative complaint, and Plaintiff's lease agreement with Ohana to the memorandum in opposition. [Mem. in Opp., Declaration of Counsel, Exh. 1 (Amended Complaint); id., Exh. 2 (lease agreement).] While the Court may consider the operative pleading in evaluating a motion brought under Rule 12(b)(6), the Court may not consider materials outside of the pleadings unless the materials are "incorporated by reference" or subject to judicial notice. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018). The Court finds that Plaintiff's lease agreement is incorporated by reference into the Amended Complaint, because the Amended Complaint refers to Plaintiff's lease agreement extensively, and this agreement forms the basis for Plaintiff's claims. See, e.g., Amended Complaint at ¶¶ 20, 28-32, 34, 38-42, 45-51, 55-62, 65-67, 70-71.

A.  **Unfair or Deceptive Acts and Practices**

Hawai`i Revised Statutes Section 480-2(a) makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." To have standing to bring a claim for unfair or deceptive acts or practices, the plaintiff must be "a consumer, the attorney general or the director of the office of consumer

10

protection." Haw. Rev. Stat. § 480-2(d). Defendants argue Plaintiff's UDAP claim should be dismissed because Plaintiff lacks standing as a "consumer" to bring such a claim. [Motion, Mem. in Supp. at 4-10.] A "consumer" is defined as "a natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment." Haw. Rev. Stat. § 480-1. Pursuant to Section 480-1, "'[p]urchase' or 'buy' includes 'contract to buy', 'lease', 'contract to lease', 'acquire a license', and 'contract to acquire a license'."

Plaintiff contends he is a consumer within the meaning of Chapter 480 because as a tenant he contracted for, through his lease, utilities, including potable water. Thus, Plaintiff asserts the purchase of potable water vis-à-vis the rental agreement is a "service." [Mem. in Opp. at 4-9.[3]]

Because Hawai`i courts have not decided the issue, the Court predicts how the Hawai`i Supreme Court would rule. See Trishan Air v. Fed. Ins. Co., 635 F.3d 422, 427 (9th Cir. 2011) ("When interpreting state law, federal courts are bound by

---

[3] Plaintiff does not contend he is a "consumer" pursuant to Chapter 480 because he purchased, attempted to purchase, or was solicited to purchase a "good" or that he committed money, property, or services into a personal investment. See Mem. in Opp. at 4-9.

11

decisions of the state's highest court. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." (citations and quotation marks omitted)).

The Court notes the Amended Complaint does not include any allegations regarding the rental agreement entered into by Plaintiff: there are no allegations water is provided as part of Plaintiff's lease with Defendants. However, assuming without deciding that water is provided to Plaintiff pursuant to his lease agreement, the Court predicts the Hawai`i Supreme Court would find that the provision of water as a utility in a rental agreement is not a "service" pursuant to Chapter 480.

In Lake v. Ohana Military Communities, LLC, the Court considered whether a landlord's provision of utilities allowed the tenant standing as a consumer for purposes of Chapter 480. CIVIL 16-00555 LEK-KJM, 2017 WL 4563079, at *6-7 (D. Hawai`i Aug. 1, 2017).[4] The Court determined the utilities were incidental to the lease of residences, and that the "fundamental nature of Plaintiffs' agreements was to lease residences, not to purchase the 'services'— i.e., 'amenities.'" Id. at *7. The

---

[4] The Ninth Circuit vacated Lake on other grounds. 14 F.4th 993 (9th Cir. 2021).

12

district court in Barber v. Ohana Military Communities, LLC, also determined that amenities provided as part of the plaintiffs' leases did not qualify as "services" under Chapter 480 for similar reasons. Civil No. 14-00217 HG-KSC, 2015 WL 2250041, at *7-8 (D. Hawai`i May 12, 2015). The district court in Barber noted the Intermediate Court of Appeals found residential leases do not confer standing because they do not involve the purchase of goods or services. Id. at *7 (citing Takayama v. Zera, No. 27900, 2010 WL 973484, at *5 (Haw. Ct. App. Mar. 18, 2010)). Further, the district court analyzed a California Court of Appeals case:

> The California Court of Appeals has directly examined Plaintiffs' argument regarding amenities that are included as a part of a tenant's lease. Freeman v. United Dominion Realty Trust, Inc., [No. E042905, 2008 WL 1838373 (Cal. Ct. App. April 25, 2008), *as modified* (May 6, 2008)].
>
> In Freeman, the plaintiff argued that he had standing to bring a claim pursuant to the California consumer protection statute because his residential lease included an array of services include [sic] maintenance, lawn services, and a swimming pool. The California appeals court held that the services included in the lease "were merely incidents of the landlord-tenant relations; they did not change the fundamental nature of the lease." Id. at *10. The California Court of Appeal held that the services provided by the landlord as part of the lease did not provide the plaintiff with standing as a "consumer" to sue pursuant to the California Consumer Legal Remedies Act. Id.

id. at *7-8.

The Court is unpersuaded by Plaintiff's citation to out-of-jurisdiction cases to support their argument that other states find their state consumer protection laws applicable to the landlord-tenant relationship, see Mem. in Opp. at 6-7 & nn.5-10, and by Plaintiff's argument that the Hawai`i Landlord Tenant Code demonstrates tenants are consumers within the meaning of Section 480-1, see id. at 7. While cognizant that Hawai`i consumer law is interpreted broadly to maximize consumer protection, see State ex rel. Shikada v. Bristol-Myers Squibb Co., 152 Hawai`i 418, 446, 526 P.3d 395, 423 (2023), the Court agrees with Lake, Barber, and Freeman. The provision of water cannot properly be viewed in insolation from the underlying lease. The fundamental nature of a rental agreement is to lease a residence, not to purchase the service of water delivery to a tenant's residence. Even accepting all of Plaintiff's factual allegations as true, see Iqbal, 556 U.S. at 678, the Court predicts that Hawai`i Supreme Court would find that Plaintiff has not purchased, attempted to purchase, and was not solicited to purchase "services" within the meaning of Chapter 480. The Court thus predicts that the Hawai`i Supreme Court would not find Plaintiff is a "consumer" pursuant to Chapter 480.

Therefore, Plaintiff lacks standing to pursue the UDAP claim. The UDAP claim is dismissed. Dismissal is with prejudice, because it is clear amendment of that portion of Count IV would

14

be futile. See Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018).

### B. Unfair Methods of Competition

Defendants also argue the portion of Count IV alleging a UMOC claim should be dismissed because Plaintiff fails to sufficiently allege the "nature of competition" requirement. [Motion, Mem. in Supp. at 10-12.]

"[A]ny person may bring a claim of unfair methods of competition based upon conduct that could also support a claim of unfair or deceptive acts or practices as long as the nature of the competition is sufficiently alleged in the complaint." Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc., 113 Hawai`i 77, 113, 148 P.3d 1179, 1215 (2006).

> To recover under HRS § 480-13(a) for an unfair method of competition violation, a plaintiff must prove: (1) a violation of HRS Chapter 480; (2) an injury to the plaintiff's business or property that flows from the defendant's conduct that negatively affects competition or harms fair competition; and (3) proof of damages. Gurrobat v. HTH Corp., 133 Hawai`i 1, 21, 323 P.3d 792, 812 (2014). The second element has two parts. Id. First, a plaintiff is required to demonstrate "an injury in fact to his or her 'business or property.'" Id. Second, a plaintiff is required to show the "nature of the competition." Id. This latter requirement is met by demonstrating how the defendant's conduct negatively affects competition or harms fair competition. Id. at 22-23, 323 P.3d at 813-14.

Field v. Nat'l Collegiate Athletic Ass'n, 143 Hawai`i 362, 372–73, 431 P.3d 735, 745–46 (2018). Plaintiff "must ultimately show that their injury necessarily stems from the negative effect on competition caused by the violation, as opposed to some pro-competitive or neutral effect of the defendant's antitrust violation." Soule v. Hilton Worldwide, Inc., 1 F. Supp. 3d 1084, 1095 (D. Hawai`i 2014) (citing Davis v. Four Seasons Hotel Ltd., 122 Hawai`i 423, 228 P.3d 303 (2010)). Courts must "give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act[,]" in construing Section 480-2. Haw. Rev. Stat. § 480-2(b).

Here, Plaintiff's factual allegations are insufficient to support a claim that Defendants' failure to disclose the risk that Plaintiff's household tap water was contaminated had a negative effect on competition that harms consumers like Plaintiff. The Amended Complaint contains no allegations about how Defendants' conduct "negatively affects competition or harms fair competition." See Gurrobat, 133 Hawai`i at 23, 323 P.3d at 814. Rather, the Amended Complaint only refers to Plaintiff's direct injury. See Amended Complaint at ¶ 61 ("Defendants' failure to disclose the risks associated with its water supply and the sale of contaminated drinking water also constitutes unfair competition that has injured Plaintiffs' property.").

16

Plaintiff does not allege the nature of competition, much less with any detail. "'[O]rdinarily, the factual support needed to show injury to competition must include proof of the relevant geographic markets and demonstration of the restraint's anticompetitive effects within those markets.'" Sunday's Child, LLC v. Irongate Azrep BW LLC, CIVIL NO. 13-00502 DKW-RLP, 2017 WL 10651861, at *4 (D. Hawai`i Oct. 27, 2017) (quoting Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n, 884 F.2d 504, 508 (9th Cir. 1989) (affirming dismissal for failure to allege actual detrimental competitive effects)). There are no allegations about the market that Defendants allegedly affected by failing to disclose the risks associated with the water. The Amended Complaint does not allege how Defendants' actions restrained competition by "disrupting 'price setting, resource allocation, market entry, or output designation'" in the relevant market. See WHIC LLC v. NextGen Lab'ys, Inc., Civ. No. 18-00261 JMS-WRP, 2019 WL 2717769, at *4 (D. Hawai`i June 28, 2019) (some citations omitted) (quoting Les Shockley Racing, 884 F.2d at 508) (citing Field, Tr. of Estate of Aloha Sports Inc. v. Nat'l Collegiate Athletic Ass'n, 143 Haw. 362, 375, 431 P.3d 735, 748 (2018) (listing how the defendant's actions negatively affected competition by "(1) restricting the transfer of ownership of bowl games contingent upon recertification; (2) leading to lower prices for the sale of bowl sponsoring agencies

17

because of uncertainty as to whether a bowl will gain recertification; and (3) acting as a restriction on output that would result in a loss of financial benefits to schools and consumers who would have otherwise participated in a given bowl")). Absent from the Amended Complaint are allegations outlining the effect of Defendants' actions on the price or availability of leased housing in the relevant geographic market, or on any other characteristic of a competitive market.

Therefore, the portion of Count IV alleging a UMOC claim must be dismissed. Because it is possible Plaintiff could plead further allegations to address this defect, dismissal is without prejudice and with leave to amend. See Hoang, 910 F.3d at 1102.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Class Action First Amended Complaint Filed November 21, 2023, filed May 13, 2024, is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as the portion of Count V alleging a UDAP claim is DISMISSED WITH PREJUDICE and insofar as the portion of Count V alleging a UMOC claim is DISMISSED. The Motion is DENIED insofar as the dismissal of the UMOC claim is WITHOUT PREJUDICE and insofar as the Court finds Plaintiff has sufficiently alleged injury-in-fact to pursue his claims.

Plaintiff is GRANTED leave to file a second amended complaint to cure the defects in the Amended Complaint that are identified in this Order. If Plaintiff chooses to do so, Plaintiff must file a second amended complaint by **September 20, 2024,** and it must comply with the rulings in this Order. Plaintiff is CAUTIONED that, if he fails to file a second amended complaint by **September 20, 2024,** the portion of Count V alleging a UMOC claim will be dismissed with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 21, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

CLEOPHAS C. POWELL VS. OHANA MILITARY COMMUNITIES, LLC, ET AL; CV 24-00184 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION FIRST AMENDED COMPLAINT FILED NOVEMBER 21, 2023